Filed 10/13/15  Cole v. J.P. Morgan Chase CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KIRSTEN COLE, | B258403 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC496591) |
| v. | |
| J.P. MORGAN CHASE, N.A., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles, Randolph Rogers, Judge.  Affirmed.

The Law Offices of Duane R. Folke and Duane R. Folke for Plaintiff and Appellant.

Keesal, Young & Logan, David D. Piper, Esther E. Cho, for Defendant and Respondent.

_____

Plaintiff and appellant Kirsten Cole appeals from a judgment of dismissal following an order sustaining a demurrer in favor of defendant and respondent J.P. Morgan Chase Bank, N.A. (Chase Bank), in this action arising out of a postponed foreclosure sale on residential property and a subsequent offer for a loan modification. Cole contends her claims are not barred by the doctrine of res judicata because they arose after her prior action was dismissed. Specifically, Cole argues that her claims arose when Chase Bank sent her an approval letter outlining a trial period payment plan for a loan modification. We conclude the trial court correctly sustained the demurrer of Chase Bank without leave to amend because Cole's claims in the prior and current action constitute "identical causes of action for purposes of claim preclusion." (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

Because we are reviewing a judgment entered after the sustaining of a demurrer without leave to amend, the following factual statement is drawn principally from Cole's second verified amended complaint. We assume the truth of all factual allegations properly pleaded in Cole's operative complaint, as well as matters that may be judicially noticed. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; Code Civ. Proc., § 430.30, subd. (a).)

**<u>Subject Property</u>**

This case involves real property located at 6201 Shannon Valley Road, Acton, California, 93510 (the subject property). Cole acquired title to the subject property by grant deed, which was recorded on November 14, 2006. She obtained a residential loan in the amount of $588,000 (subject loan) secured by a deed of trust encumbering the subject property. The deed of trust identified Washington Mutual Bank, FA (WaMu) as

2

the lender and Cole as the borrower. On September 25, 2008, Chase Bank acquired assets and liabilities of WaMu from the Federal Deposit Insurance Corporation (FDIC), including the subject loan.

Cole defaulted on her loan. A notice of default and election to sell under deed of trust was recorded on February 17, 2009. The notice confirmed that the subject loan was $18,396.53 in arrears. A notice of trustee's sale was recorded on May 26, 2009. A second notice of trustee's sale was recorded on December 8, 2010.

**Proceedings in the Prior Action**

On December 20, 2010, Cole initiated the prior action against Chase Bank alleging causes of action for breach of contract, common counts, and quiet title. (*Cole v. J.P Morgan Chase Bank* (Super. Ct. L.A. County, 2011, No. MC022170).) Cole's complaint alleged that Chase Bank "represented to [Cole] that the property which it took as a security interest in lending money to [Cole] was a single family dwelling" and that "it was discovered that the property which was held as as [*sic*] security interest for the indebtedness was not a single family dwelling as represented by [Chase Bank]." Cole attached a Los Angeles County Application for Building Permit filed by a previous owner of the subject property in July 1986, requesting a permit to build a barn on his residential property. In a letter attached to her complaint, Cole's counsel stated: "At the time of the listing of the property, it was concealed from the buyer that the single family dwelling was, in fact, a converted barn. It was disclosed to the buyer that there were some improvements that had been done without permits, but it was not disclosed to the buyer that a certificate of occupancy had not been issued for the structure. [¶] . . . Ms. Cole has learned that it would be financially impractical to bring the property into a condition where a certificate of occupancy can be issued."

On July 11, 2011, Cole filed a verified first amended complaint in the prior action alleging the same allegations against Chase Bank and adding a negligence claim. As to

3

the negligence cause of action, Cole alleged that Chase Bank's predecessor, WaMu, and by extension, Chase Bank, "was negligent in appraising the property in that the property was not a single family dwelling and its value was not what it was represented and was not sufficient to support the purchase price offered by [Cole]. The true facts were that a certificate of occupancy was not issued for human occupancy of the property and therefore, it could not be utilized as required by [Cole] for her occupancy of the property." On July 28, 2011, Chase Bank filed a demurrer to Cole's first amended complaint. On August 23, 2011, the trial court sustained Chase Bank's demurrer with leave to amend and ruled that Cole "may replead her causes of action for Breach of Contract, Common Counts, Quiet Title and Negligence and must do so by September 23, 2011."

On October 14, 2011, Cole filed an untimely and unverified second amended complaint adding causes of action for unjust enrichment/imposition of constructive trust and declaratory relief. Cole also replead her claim for quiet title. Chase Bank filed a demurrer to Cole's second amended complaint. On November 17, 2011, the trial court sustained the demurrer in its entirety without leave to amend and dismissed the prior action with prejudice. In the statement of decision, the trial court "carefully explained how each of [Cole's] causes of action lacked legal foundation. In addition, the Court further noted that, *even had* [*Cole's*] *contentions been meritorious*, her claims were against the FDIC, WaMu's immediate successor in interest, and not against [Chase Bank], which purchased certain assets, including the Deed of Trust at issue, but did not assume the corresponding liabilities, of WaMu. Those liabilities expressly remained with the FDIC."

On December 12, 2011, Chase Bank filed a notice of entry of judgment.

**The Trial Period Plan**

On November 1, 2012, Chase Bank informed Cole by letter that she had been

4

approved for a Trial Period Plan (TPP). The TPP consisted of payments of $1,653.19 due on December 1, 2012, January 1, 2013, and February 1, 2013. The letter stated that the TPP is not a permanent modification and Cole must make all three payments on time before Chase Bank can offer her a final loan modification. If Cole failed to comply with the terms of the plan, Chase Bank would commence foreclosure proceedings. On November 30, 2012, Cole sent a check to Chase Bank for $1,653.19 to only cover her first payment and expressly conditioned the cashing of the check upon the "opportunity to address the issues brought up by" Cole's lawsuit initiated that day. Cole failed to make any further payments on the TPP.

## Current Action

On November 30, 2012, Cole filed a verified complaint in the current action against Chase Bank alleging causes of action for (1) declaratory relief, (2) strict liability in tort for sale of "defective product," (3) breach of warranty of title and habitability, (4) quiet title, (5) breach of fiduciary duty, (6) violation of California Business and Professions Code section 17200 et seq., and (7) promissory estoppel/promissory fraud. The complaint alleged that after the prior action was dismissed with prejudice, Chase Bank had offered Cole a TPP in furtherance of a potential loan modification. Cole argued that Chase Bank did so without remedying the claims made by her in the prior action. Specifically, Cole argued that, concurrent with any loan modification, Chase Bank was required to either improve the property to the point that it would be eligible for an occupancy permit as a "Simple Family Residence," or reduce the principal of the outstanding loan of $564,945 to the current fair market value of $135,933.

On February 13, 2013, Cole filed her first amended verified complaint against Chase Bank and Investors Title Insurance Company[1] alleging the same seven causes of

---

[1] Cole listed "Investors Title Insurance Company, an underwritten title agent of First American Title Company of California" as a named defendant in her first amended

5

action, along with new causes of action for negligence in performance of an undertaking and breach of warranty of title in provision of title insurance. Investors Title Insurances Company was the only named defendant alleged in the two new causes of action. The material allegations against Chase Bank were unchanged.

On June 21, 2013, Chase Bank filed a demurrer to the first amended complaint, arguing that Cole's claims are barred by the doctrine of res judicata, Chase Bank is not responsible for WaMu's origination or servicing conduct, and Cole's claims are time-barred. It further argued Cole fails to state a claim for each cause of action alleged against Chase Bank.

On August 22, 2013, Cole filed her opposition to the demurrer, contending she is not procedurally barred under the doctrine of res judicata from bringing her claims, and Chase Bank is liable for its actions in connection with her loan modification. Furthermore, Cole's claim for breach of contract/promissory estoppel are not time-barred because they occurred immediately prior to the filing of this case and are supported by recent California case law. Cole is entitled to proceed with a quiet title cause of action based upon a finding that Chase Bank should be responsible for fixing her current circumstances. Chase Bank is liable for breach of fiduciary duty based on its failure to act in a manner keeping with its duties as mortgagor. Cole's claim for violation of California Business and Professions Code section 17200 is well plead and applicable under California law. Lastly, "declaratory relief is available where as in this case [Cole] has fully set forth . . . *the basis for 'Declaratory Relief.'*"

In its reply filed on August 28, 2013, Chase Bank reiterated that Cole's claims are barred by the doctrine of res judicata. Cole's causes of action for negligence in performance of an undertaking and breach of warranty of title in provision of title insurance are not alleged against Chase Bank. Cole did not plead a cause of action for

verified complaint. On April 11, 2013, First American Title Insurance Company (First American) was substituted for Doe 1. Cole subsequently filed a request for dismissal and a dismissal was entered as to First American.

breach of contract and therefore any arguments relating to such a cause of action are irrelevant. Moreover, Cole's promissory estoppel claim is time-barred and her remaining claims also fail.

On November 12, 2013, the trial court sustained the demurrer with leave to amend until December 2, 2013, finding that "the present complaint is barred by the doctrine of res judicata." The court reasoned that the claims made in the present action concerned the same harms as alleged in the prior action, "the failure to provide a loan modification and to discover the lack of a certificate of occupancy." Additionally, the present action was between the same parties and therefore barred by the final judgment on the merits entered in the prior action.

On January 22, 2014, Cole filed an untimely and verified second amended complaint against Chase Bank, removing the negligence and breach of title insurance causes of action, and also removing Investors Title Insurance Company as a named defendant. Except for the removal of claims made against Investors Title Insurance Company, the material allegations against Chase Bank remained unchanged. Cole alleged causes of action for (1) declaratory relief, (2) strict liability in tort for sale of "defective product," (3) breach of warranty of title and habitability, (4) quiet title, (5) breach of fiduciary duty, (6) violation of California Business and Professions Code section 17200 et seq., and (7) promissory estoppel/promissory fraud. Cole stated that she is the owner of the subject property and has been in a mortgagor-mortgagee relationship with Chase Bank since she purchased the subject property on November 14, 2006. She alleged the loan modification agreement identified the subject property as a single family residence, however, the County of Los Angeles Recorder's Office identifies the property as a barn without a occupancy permit. Cole contends Chase Bank must "rectify in its' new contractual relationship including the actual legal status of said real property and/or make the loan 'modification' commensurate with the current legal status of the subject real property." Cole argued she is left "in a set of circumstances whereupon the completion of the 'Modification' process with the payments of $1,653.19 . . . she will

7

find herself to be the 'Owner' of real property that is without 'Marketable Title' as represented in the contract."

On February 25, 2014, Chase Bank filed its demurrer to the second verified amended complaint. Chase Bank contended Cole's claims are barred by the doctrine of res judicia, it is not responsible for WaMu's origination or servicing, and Cole's claims are time-barred. Chase Bank further argued Cole fails to plead sufficient facts for each cause of action. In its request for judicial notice filed concurrently with the demurrer, Chase Bank attached the November 14, 2006 grant deed and subject loan secured by the deed of trust; September 25, 2008 Purchase and Assumption Agreement between Chase Bank and FDIC; February 17, 2009 notice of default and election to sell under deed of trust; May 26, 2009 notice of trustee's sale; and December 8, 2010 second notice of trustee's sale. Chase Bank also requested judicial notice of the moving papers in the prior action, including but not limited to Cole's second amended complaint, Chase's demurrer, and the trial court's statement of decision granting the demurrer to the second amended complaint.

Cole filed an opposition to the demurrer on May 20, 2014, arguing her claims are not barred by the doctrine of res judicata, because the current case involves a loan modification agreement which was not the subject of any prior litigation.

The trial court sustained the demurrer in its entirety without leave to amend and dismissed the action against Chase Bank with prejudice. Judgment was entered on June 18, 2014, and a notice of entry of judgment was entered on June 24, 2014, in favor of Chase Bank. Cole filed a notice of appeal on August 22, 2014.

**DISCUSSION**

**Standard of Review**

"A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. [Citation.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context. [Citation.] We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. [Citation.]" (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 81.)

"It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment. [Citation.] The burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. [Citation.] The plaintiff can make that showing for the first time on appeal. [Citation.]" (*Siliga v. Mortgage Electronic Registration Systems, Inc., supra,* 219 Cal.App.4th at p. 81.)

**Res Judicata/Claim Preclusion**

Cole contends her claims are not barred by res judicata because she was not trying to revive any prior claim, but was in fact addressing claims that arose from the TPP offered in a November 2012 letter by Chase Bank. We hold that the trial court properly sustained Chase Bank's demurrer because each cause of action was barred by the "claim preclusion" concept embodied in the doctrine of res judicata.

9

The doctrine of res judicata has frequently been used "as an umbrella term encompassing both claim preclusion and issue preclusion." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823 (*DKN*).) Our Supreme Court recently stated that in order "[t]o avoid future confusion, we will follow the example of other courts and use the terms 'claim preclusion' to describe the primary aspect of the res judicata doctrine and 'issue preclusion' to encompass the notion of collateral estoppel." (*Id.* at p. 824.) "Claim preclusion 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.] Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. [Citations.] If claim preclusion is established, it operates to bar relitigation of the claim altogether." (*Ibid.*, italics omitted.) Claim preclusion "benefits both parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense to the *parties* and wasted effort and expense in *judicial administration.*' [Citation.]" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897.) Issue preclusion "prevents relitigation of previously decided issues." (*DKN, supra,* 61 Cal.4th at p. 824.) "[I]ssue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*Id.* at p. 825.)

We are concerned here with claim preclusion. Cole does not dispute that the prior and current actions involved the same parties and the judgment in the prior action was final on the merits. The only issue on dispute is whether the current action involves the same cause of action. "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the "primary rights" theory.' [Citation.] Under this theory, '[a] cause of action . . . arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. "Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of

10

action in the legal sense of the term . . . ."' [Citation.]" (*Boeken v. Philip Morris USA, Inc., supra,* 48 Cal.4th at pp. 797-798.) "The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. [Citations.]" (*Id.* at p. 798.)

In both actions, Cole alleged she was harmed because the subject property did not have an occupancy permit for a single family dwelling, and therefore, at the time of purchase she paid far above fair market value. Cole attempts to use the TPP as a vehicle to relitigate the same harms resolved against her in the prior action by arguing the TPP raised new claims by identifying the subject property as a single family dwelling.

We reject Cole's argument for two reasons. First, the TPP contains boilerplate language explaining its terms and conditions; it does not address whether the subject property is referred to as a single family dwelling. Second, it is irrelevant that the specific remedy sought in the current action was a reduction on the principal on the outstanding loan as opposed to a reduction on the "true value" of the subject property sought in the prior action. Both actions seek redress for Cole's assertion that she thought she was buying a residence and ended up with a barn, and her belief that somehow the successor to the original lender is liable for her situation. The two actions are based on the same primary right, and Cole has merely split her causes of action. The trial court properly sustained the demurrer to the second amended complaint and entered judgment in favor of Chase Bank.

## Denial of Leave to Amend

The trial court's decision to sustain the demurrer without leave to amend is a matter of discretion. Because Cole has failed to provide a reporter's transcript or other suitable substitute in the record on appeal, we do not know what matters were argued or considered by the trial court at the hearing on the demurrer. "All intendments and presumptions are indulged to support [the trial court's decision] on matters as to which

11

the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Cole has the burden of overcoming the presumption of correctness. To do so, she must provide this court with an adequate record demonstrating the alleged abuse of discretion. Because Cole did not provide an adequate record, we apply the presumption that the trial court properly denied leave to amend.

Moreover, "'[Cole] must show in what manner [she] can amend [the] complaint and how that amendment will change the legal effect of [her] pleading. [Citation.]' [Citation.]" (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) In her opening brief, Cole did not attempt to demonstrate that her operative complaint could be amended. No reply brief was filed. There is no basis on the record presented for granting leave to amend on appeal.

## DISPOSITION

The judgment is affirmed. Respondent J.P. Morgan Chase Bank, N.A. is awarded its costs on appeal.


KRIEGLER, J.


We concur:



TURNER, P. J.



BAKER, J.